**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SHERRY WOODARD,                                                CASE NO.: 1:13CV116
O/B/O MINOR CHILD, R.W.,

        Plaintiff,                                                Barrett, J.
                                                                        Bowman, M.J.
   v.

COMMISIONER OF SOCIAL SECURITY,

        Defendant.

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report"), which recommends affirming the final decision of Defendant Commissioner of Social Security denying supplemental security income (SSI) for minor child R.W.  (Doc. 12). Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c).  (Doc. 12, p. 13).  Plaintiff Sherry Woodard, on behalf of her minor child R.W., filed timely objections to the Report and Recommendation.  (Doc. 13).  Defendant Commissioner of Social Security filed a timely response to Plaintiff's objections. (Doc. 14).  This matter is now ripe for review.

## I.  BACKGROUND

The procedural background and the pertinent facts have been adequately summarized in the Report and Recommendation (*see* Doc. 12), and thus, will not be repeated here.  Where necessary in addressing the objections, the Court will identify the background or evidence that is relevant to its decision.

## II.  STANDARDS OF REVIEW

1

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the magistrate[ judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Only specific objections are entitled to de novo review under the Magistrate Judge's Act, 28 U.S.C. § 636. *Id.*; *see also Fairfield v. Wacha*, No. 1:07-cv-948, 2008 U.S. Dist. LEXIS 15119, at *4-5 (W.D. Mich. Feb. 28, 2008) (citing *Ferguson v. Comm'r of Soc. Sec. Admin.,* No. 1:07-cv-247, 2008 U.S. Dist. LEXIS 5965 (W.D. Mich. Jan. 28, 2008); *Westbrook v. O'Brien*, No. 1:07-cv-937, 2008 U.S. Dist. LEXIS 5965 (W.D. Mich. Nov. 15, 2007); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986)). The reason for that requirement is that:

> [t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509. Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue. *Id.* Merely restating arguments previously presented, stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before is not a specific objection that alerts the district court to the alleged errors on the part of the magistrate judge. *Id*. at 508-09; *see also Neuman v. Rivers*, 125

F.3d 315, 323 (6th Cir. 1997), *cert. denied*, 522 U.S. 1030, 118 S. Ct. 631, 139 L. Ed. 610 (1997).

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). First, the Court must determine if substantial evidence supports the Commissioner's decision. Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978). Second, the Court must determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2007)). *See also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545–46 (6th Cir. 2004) (reversal required even though ALJ' s decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

## III.    ANALYSIS

On appeal from the final decision of the Commissioner, Plaintiff has contested the ALJ's conclusion that R.W. does not equal a Listing based upon his functional limitations. The two listings considered by the ALJ were Listings 112.11 for ADHD and 112.05 for mental

retardation.  (Tr. 18-19).  As the Magistrate Judge correctly stated (Doc. 12, p. 4), a child may equal a Listing based upon his functional limitations.  20 C.F.R. § 416.926a(a).  "Functionally equal to the listings" means that the impairments are of a listing-level severity.  *Id.*  To be of a listing-level severity, the impairments must result in "marked" limitations in two domains of functioning.  *Id.*[1]

Here, the ALJ determined that R.W. had a "marked" limitation in only one domain – acquiring and using information.  (Tr. 22).  Plaintiff contends that the ALJ should also have found a "marked" limitation in a second domain – interacting and relating with others.  She reasons that the ALJ failed to properly evaluate the evidence concerning that domain.  If the ALJ had found R.W. to experience a "marked" limitation in that second domain, he would have been functionally equal to a Listing.  20 C.F.R. § 416.926a(a).

The Magistrate Judge concluded that the ALJ's evaluation of and discussion of the evidence relating to that domain and his ultimate determination that R.W. has a "less than marked" limitation in that domain was supported by substantial evidence.  (Doc. 12).  Plaintiff objects to that conclusion for two reasons, which are explained and analyzed individually below.

Before addressing those objections, the Court notes that both of Plaintiff's objections express a general disagreement with the conclusions reached by the Magistrate Judge and essentially re-state arguments previously presented to the Magistrate Judge.  In that respect, no specific error by the Magistrate Judge has been identified that requires this Court's de novo review.  Nevertheless, the Court will consider the arguments individually below.

1.  **First Objection**

---

[1] The regulation also provides for a finding of functional equivalence when the child has an "extreme" limitation in one domain of functioning.  20 C.F.R. § 416.926a(a).  Plaintiff, however, does not argue that R.W.'s limitations fall into the "extreme" category for any domain.

Plaintiff's first objection is directed towards the Magistrate Judge's conclusion concerning the ALJ's failure to specifically discuss the one sentence in Dr. Berg's February 4, 2010 Psychological Evaluation in which he opined that R.W.'s "social and emotional skills" were "2/3 age appropriate."  The Magistrate Judge determined that under the regulatory scheme, only a child who is extremely young (between birth and age 3) is deemed to have a "marked" limitation in a domain when he is found to function in more than one-half but not more than two-thirds of his chronological age in a particular area.  (Doc. 12, pp. 7-8).  As R.W. was age 7 when the application was filed and is not claimed to have a developmental age of a child younger than 3 years, the Magistrate Judge concluded that a finding of two-thirds age appropriate functioning does not make a limitation "marked" under the regulations.  (Doc. 12, p. 8).  Plaintiff disagrees with that conclusion by arguing that "it is not unreasonable to use" the two-thirds age appropriate functioning finding in determining severity in the domain of interacting and relating with others. (Doc. 13, p. 2).[2]

Having reviewed the argument de novo, the Court finds no error by the Magistrate Judge. The Magistrate Judge correctly concluded (Doc. 12, p. 7) that the regulatory scheme provides for a "marked" limitation when a child who is extremely young (between birth and age 3) is functioning at no more than two-thirds his chronological age in a particular domain.  20 C.F.R. § 415.926a(e)(2)(ii).  The Magistrate Judge also correctly concluded, and Plaintiff does not dispute, that R.W. did not have a chronological age of 3 or younger, and that even if developmental age were to be considered, Plaintiff did not claim that R.W. possessed at the age

_____

[2]As she did in her initial filings considered by the Magistrate Judge, Plaintiff references 20 C.F.R. § 416.924e.  As the Magistrate Judge noted, that section number is reserved and contains no current text.  The Court thus presumes it was again a typographical error.  The section referencing the "two-thirds" age appropriate finding is 20 C.F.R. § 416.926a(e)(2)(ii).

of 7 a developmental age of a child younger than 3 years.  (Doc. 12, p. 8).  As such, the regulation was not expressly applicable to R.W.

Furthermore, nothing in the regulations implies that the two-thirds age appropriate finding would be transferrable to a school-age child such as R.W.  Even if it were, Dr. Berg's opinion that R.W. functioned at two-thirds of his chronological age in "social and emotional skills" at the age of 7 (Tr. 246) would not automatically result in a "marked" limitation in the domain of "interacting and relating to others."  Indeed, there is no indication that "social and emotional skills" is directly equivalent to the domain of interacting and relating to others.[3]  As the Magistrate Judge accurately explained (Doc. 12, p. 8), Dr. Berg did not opine at any time that R.W. had "marked" limitations in the "interacting and relating" domain.  Accordingly, the Magistrate Judge did not err in determining that the two-thirds age appropriate functioning finding is not applicable to R.W. and does not otherwise require an automatic finding that R.W. had a "marked" limitation in this domain.

At best, Dr. Berg's two-thirds age appropriate functioning finding for social and emotional skills could have been considered as part of the comprehensive review of R.W.'s functioning in the "interacting and relating" domain.  While such evidence may have supported the contrary view that R.W. had "marked" limitations in that domain, the ALJ's decision still must be affirmed as long as substantial evidence supports the ALJ's denial of benefits.  *Felisky*, 35 F.3d at 1035.  Whether substantial evidence supports the ALJ's denial of benefits is discussed below in regards to the second objection.

### 2. Second Objection

---

[3]As explained by the Magistrate Judge, the ALJ, and *infra,* the domain of "interacting and relating to others" concerns more than just "social and emotional skills."  (Doc. 12, p. 5; Tr. 23); *see also* S.S.R. 09-5p.  This domain involves "all aspects of social interaction with individuals and groups at home, at school and in the community, including "communication."  S.S.R. 09-5p.  R.W.'s "communication" limitations were evaluated by Dr. Berg separately from the "social and emotional skills," and were found to be "age-appropriate." (Tr. 246).

Plaintiff's second objection concerns the Magistrate Judge's conclusion that the ALJ provided sufficient discussion of the evidence relating to the "interacting and relating to others" domain.  The Magistrate Judge reasoned that the ALJ did not have to specifically discuss Dr. Berg's assessment of R.W.'s social and emotional skills as being two-thirds age appropriate given that the particular regulation governing the two-thirds age appropriate finding were not applicable to children that are R.W.'s age, and given that the ALJ's conclusion was supported by substantial evidence.  (Doc. 12, pp. 7-11).  The Magistrate Judge further determined that remand was not necessary for further review of teacher questionnaires or medical records from Crossroads.  (Doc. 12, pp. 10-11).  Plaintiff disagrees with that conclusion, arguing that the ALJ failed to specifically address Dr. Berg's conclusions, teacher questionnaires, and medical evidence from Crossroads while relying on the opinions of non-examining state agency physicians.  (Doc. 13, p. 2).[4]

As the Magistrate Judge and the ALJ accurately stated (Doc. 12, p. 5; Tr. 23), the "interacting and relating to others" domain requires evaluation of "how well [a child is able to] initiate and sustain emotional connections with others, develop and use the language of [his or her] community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others."  20 C.F.R. § 416.926a(i).  The Magistrate Judge and ALJ also accurately recognized (Doc. 12, p. 5; Tr. 23) that "because communication is essential to both interacting and relating, [it is necessary to] consider in this domain the speech and language skills children need to speak intelligibly and to understand and use the language of their community."  SSR 09-5p.

---

[4] The ALJ gave "great weight" to two evaluations performed by Disability Determination Services, noting that they were not contradicted by any treating source. (Tr. 21).

An ALJ's failure to discuss all of the testimony and evidence presented to him relating to that specific domain does not mean the ALJ "failed to consider" that evidence. *Loral Defense Systems-Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999). "'An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.'" *Id.* (quoting *NLRB v. Beverly Enterprises-Massachusetts*, 174 F.3d 13, 26 (1st Cir. 1999)). Likewise, an ALJ can resolve conflicts in testimony through his factual findings as a whole without expressly addressing every piece of conflicting testimony. *Id.* (internal quotations omitted). Thus, in determining whether and how the ALJ credited the relevant evidence, it is appropriate for the Court to consider the ALJ's factual findings as described in other parts of his opinion. *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006) (finding that the ALJ appropriately considered a claimant's combined impairments at step three in part because he "described evidence pertaining to all impairments, both severe and non-severe, for five pages earlier in his opinion and made factual findings"); *Snoke v. Astrue*, No. 2:10cv1178, 2012 U.S. Dist. LEXIS 21930, at *19 (S.D. Ohio Feb. 22, 2012) (report and recommendation) (citing *Bledsoe*, 165 F. App'x at 411), *adopted by*, 2012 U.S. Dist. LEXIS 42361 (S.D. Ohio Mar. 28, 2012) ("[T]he requirements for an ALJ's listing impairment are not so legalistic that the requisite explanation and support must be located entirely within the section of the ALJ's decision devoted specifically to step three[.] Rather, . . . a court must read the ALJ's step-three analysis in the context of the entire administrative decision, and may use other portions of a decision to justify the ALJ's step-three analysis.").

Contrary to Plaintiff's argument, the ALJ did not entirely fail to consider Dr. Berg's February 4, 2010 conclusions, teacher reports, or other medical evidence in support of a contrary conclusion. As to Dr. Berg's conclusions, the ALJ specifically referenced Dr. Berg's report for

the accurate proposition that R.W. was cooperative.  (Tr. 23).[5]  The ALJ's prior factual findings

further explain Dr. Berg's conclusions as to this domain, noting that Dr. Berg found that R.W.'s

"speech and language were age appropriate."  (Tr. 20).[6]  Although the ALJ did not explicitly

mention Dr. Berg's "social and emotional skills" opinion, a review of that opinion and the ALJ's

factual findings explain the ALJ's view of R.W.'s social and emotional skills.

Dr. Berg explained his opinion on R.W.'s social and emotional skills by reference to

R.W.'s daily temper tantrums at home and his mother's statement that R.W. had difficulties with

behavior at school and would benefit from counseling to help him improve his social skills.  (Tr.

246).  Instead of ignoring R.W.'s behavioral problems, the ALJ specifically acknowledged their

existence in the domain analysis, citing to medical records that document some of those issues.

(Tr. 24).  In his factual findings, the ALJ also accurately acknowledged the testimony of R.W.'s

mother that R.W. had "discipline problems in school about two to three times per week for

hitting students and problems getting along with other children."  (Tr. 20).  As noted above,

however, a finding of behavioral issues did not mandate a finding of functional equivalence.

The ALJ further acknowledged other evidence relating to R.W.'s interactions and

relations.  He pointed out earlier in his opinion that records showed R.W.'s "behavior was

improving,"[7] he identified testimony from R.W.'s mother that R.W. enjoys activities such as

"reading, going to the library, and playing football," and he noted that R.W. was "currently in

---

[5] Under 20 C.F.R. § 416.926a(i), the ability to cooperate with others is a relevant consideration.  Further, S.S.R. 90-5p indicates that a "child's response to persons in authority" in particular is an "[i]mportant aspect[] of both interacting and relating."

[6] That conclusion is made by Dr. Berg in regards to whether R.W.'s "[c]ommunication" was age appropriate.  (Tr. 245-46).  S.S.R. 90-5p recognizes communication as "essential to both interacting and relating."

[7] The ALJ mentioned records from Crossroads, but then cited to some records from Crossroads and to a non-existent Exhibit 16F.  (Tr. 18).  Exhibit 16E, however, does exist and includes an updated IEP from St. Joseph School dated April 19, 2011, attached to which is a progress report for 2010-2011.  (Tr. 194-208).  Nevertheless, both the Crossroads records and the progress report supports an interpretation that R.W.'s behavior was improving.  (Tr. 207-08, 214).

regular classes in third grade" even though he had difficulty expressing thoughts in written and oral form. (Tr. 18, 20). Contrary to Plaintiff's position, the ALJ also did not ignore teacher feedback entirely. In his opinion, he contrasted the April 4, 2011 teaching rating that indicated R.W. had difficulties in age-appropriate functioning in cognitive, communicative, social and concentration, persistence and pace with the progress report that showed he had mostly satisfactory and only two unsatisfactory scores. (Tr. 20-21). He also cited to the progress report to support his domain-specific finding that R.W. worked well in groups and without disturbing others. (Tr. 24). Those findings are supported by the record.

As the Magistrate Judge correctly acknowledged, some portions of the teacher questionnaires and medical records not specifically mentioned by the ALJ are consistent with the ALJ's conclusion in regards to this domain. (Doc. 12, pp. 9-11). Although other portions of the teacher questionnaires and medical records could be used to support a contrary conclusion (*see* Doc. 12, pp. 9-11), the existence of such contrary evidence does not constitute reversible error where, as here, there is substantial evidence that supports the conclusion reached by the ALJ. *Felisky*, 35 F.3d at 1035. Thus, while the ALJ's analysis of the domain is not a model of clarity and detail, the record as a whole provides substantial support for the ALJ's conclusion that R.W. had "less than marked" limations in the domain of interacting and relating to others.

## IV.    CONCLUSION

Having reviewed the Magistrate Judge's recommended disposition de novo in light of Plaintiff's objections, the Court concludes that the ALJ did not commit reversible error. Accordingly, Plaintiff's objections (Doc. 13) are **OVERRULED** and the Magistrate Judge's Report and Recommendation (Doc. 12) is hereby **ADOPTED**. Consistent with this Opinion and

the Report and Recommendation, the decision of the Commissioner is **AFFIRMED** and this matter is hereby **CLOSED**.

       **IT IS SO ORDERED**.

s/Michael R. Barrett    

Michael R. Barrett, Judge

United States District Court
